PER CURIAM.
Pennco, Inc., appeals two orders of dismissal in actions to quiet title. We have consolidated these cases on our own motion because the issues are identical. We conclude that the cases should not have been resolved on motions to dismiss and remand for further proceedings.
Pennco, Inc., filed actions to quiet title to certain tracts of real estate in Polk County. The complex allegations in these complaints have been simplified in this opinion. Pennco, Inc., claims it has title to this property through a 1986 deed from James M. Hagle to PennCo, Inc., a Utah corporation. Allegedly, that deed was given to several promoters who planned to establish a Utah corporation by that name, but were unable to do so because of an existing Utah corporation with that name. Instead, the promoters allegedly formed Colloidal, Inc., changed its name to Penco, Inc., and transferred their interest in the property to that corporation. Ultimately, Penco, Inc., was merged with Pennco, Inc., a Florida corporation, which is the plaintiff in these suits.
Many of the defendants in these actions claim title to a portion of this property through a deed of foreclosure obtained by Sun Bank in 1987. The bank foreclosed on Mr. Hagle’s interest in this property, but did not join Pennco, Inc., as a party in the action.
The trial courts in these cases dismissed the actions to quiet title with prejudice. The actions were dismissed on the pleadings without receiving any evidence. . Nevertheless, the orders declare that the deed from Hagle to PennCo, Inc., a Utah corporation, is void for lack of a grantee. It seems that both trial courts attempted to quiet title by dismissing the actions. The orders do not address or attempt to alter a final judgment recorded in Polk County in January 1990 that expressly declared Pennco, Inc., the plaintiff in these cases, to be the record title holder of property through the Hagle deed.
We note that several other cases are pending in this court which appear to involve portions of this land. In at least one of those cases, an order was entered on summary judgment which expressly supersedes the January 1990 final judgment. See Pennco, Inc., v. American Gen. Home Equity, Inc., No. 93-00151 (Fla. 2d DCA, appeal filed Jan. 15, 1993). That case has not been briefed and the record on appeal has not been filed with this court. Thus, we cannot determine whether the outcome in that appeal might simplify further proceedings in these cases.
In reversing, we express no opinion on the merits. We simply conclude that the complaints stated a cause for which it is necessary to enter a final order on the merits to quiet the title. Thus, it was error to dismiss these actions without any evi-dentiary basis and without eliminating the confusion created by conflicting final orders.
Reversed and remanded.
DANAHY, A.C.J., and HALL and ALTENBERND, JJ., concur.